FILED
SEP 19 2007
U.S. DISTRICT COURT
ELKINS WV 26241

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICIA L. SMITH,

    Plaintiff,

vs.                                        Civil Action No. 2:05 CV 35
                                                            (Maxwell)

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## ORDER

By Order entered September 27, 2005 (Docket No. 10), the Court referred the cross-motions for summary judgment filed in the above-styled Social Security action to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. § 636(b)(1)(B); Rule 72(b) of the Federal Rules of Civil Procedure; and Rule 7.02(c) of the Local Rules of Civil Procedure, with directions to consider the same and to submit to the Court proposed findings of fact and a recommendation for disposition.

On April 25, 2006, Magistrate Judge Seibert filed his Report And Recommendation (Docket No. 11) wherein the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation. Magistrate Judge Seibert's Report And Recommendation expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

On May 5, 2006, the Plaintiff's Objections To Report And Recommendation Of

Magistrate Judge (Docket No. 12) were filed with the Court.

Upon consideration of the Plaintiff's Objections To Report And Recommendation Of Magistrate Judge, it appears to the Court that the Plaintiff has not raised any issues that were not thoroughly considered by Magistrate Judge Seibert in his Report And Recommendation, with the exception of the Plaintiff's assertion that the limitation of the issues on remand recommended by the Magistrate Judge is inappropriate. In this regard, the Court believes that the limitation of the issues on remand recommended by the Magistrate Judge is appropriate in the matter now before the Court. Moreover, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the Report And Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this action.

Therefore, it is

**ORDERED** that Magistrate Judge Seibert's Report And Recommendation (Docket No. 11) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly,

1. The Plaintiff's Motion For Summary Judgment (Docket No. 8) is **DENIED**;

2. The Defendant's Motion For Summary Judgment (Docket No. 9) is **DENIED**;

3. The above-styled civil action is **REMANDED** to the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with Magistrate Judge Seibert's Report And Recommendation.

4. Specifically, the above-styled civil action is **REMANDED** to the

Commissioner of Social Security for the following limited purposes:

a. Having the ALJ consider Mr. Morello's assessment in light of all evidence before him and having the ALJ explain the weight he gave to Mr. Morello's opinion;

b. Having the ALJ determine whether his previous RFC determination is sufficient in light of his decision regarding Mr. Morello's assessment;

c. Having the ALJ determine whether his previous hypothetical is sufficient in light of his decision regarding Mr. Morello's opinion.

In accordance with Shalala v. Schaefer, 125 L.Ed.2d 239 (1993), it is further

**ORDERED** that the Clerk of Court shall enter **JUDGMENT** reversing the decision of the Defendant and remanding the cause for a rehearing and shall thereafter **DISMISS** this action from the docket of the Court.

Counsel for the Plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the judgment order.

The Clerk of Court is directed to transmit copies of this Order and the Judgment Order to counsel of record.

**ENTER:** September 19th, 2007

_____
United States District Judge